

**FILED**

JUL 0 1 2015

CLERK

UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA

IN RE: §
William M. Windsor Lawsuit § Case # 15 – cV – 4118

## REQUEST FOR LEAVE TO FILE VERIFIED PETITION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

Comes Now, William M. Windsor ("Windsor") and files this REQUEST FOR LEAVE TO FILE VERIFIED PETITION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION. Windsor shows the Court as follows:

1. Judge Thomas W. Thrash ("Judge Thrash") of the United States District Court for the Northern District of Georgia issued an alleged order on July 15, 2011 that purports to enjoin Windsor from filing any lawsuit in federal or any state court without first obtaining leave from a federal district court judge in the district where the lawsuit is to be filed. Exhibit A is a true and correct copy of this alleged order.

2. Windsor seeks leave to file the South Dakota federal court action though Windsor feels Judge Thrash's order is void. Exhibit B is a true and correct copy of the proposed Verified Petition.

## FACTUAL BACKGROUND

3.      On May 20, 2011, William M. Windsor filed a Verified Complaint in the Superior Court of Fulton County Georgia and paid the filing fee - No. 2011CV200971.  This was based solely on state law, and there were no grounds for removal to federal court.

4.      On June 13, 2011, U.S. Attorneys filed a NOTICE OF REMOVAL. The case became USDCNDGA No. 1:11-CV-01923-TWT ("TWT-2"), and was assigned to Judge Thomas W. Thrash. (TWT-2 Docket #1.)

5.      Judge Thomas W. Thrash never considered whether the federal court had jurisdiction, as the Docket shows.  He ignored the legal requirement that he review the Notice of Removal.  His response was to order that William M. Windsor's Motion for Remand presented to the Clerk was not to be filed.  As the Notice of Removal was improper, the case should have been remanded.

6.      The U.S. Attorney filed a MOTION FOR PROTECTIVE ORDER. [TWT-2 Docket #4.]

7.      On June 27, 2011, William M. Windsor filed a MOTION FOR DUE PROCESS.  This never appeared on the docket.  On July 5, 2011, William M. Windsor filed a Motion for Remand.  This never appeared on the docket.

2

8.      On July 6, 2011, Judge Thomas W. Thrash scheduled a hearing on the motion for a protective order seeking to enjoin William M. Windsor from filing. [TWT-2 Docket #54.]

9.      On July 7, 2011, William M. Windsor sent a letter to the Clerk of the Court requesting subpoenas for the July 15, 2011 hearing.  On July 7, 2011, he filed a Request for Consent to File Motion to Order the Clerk of the Court to issue Signed Subpoenas and a Request for Consent to File Motion Regarding Hearing. These never appeared on the docket.

10.     On July 7, 2011, Judge Thomas W. Thrash entered an ORDER denying permission to file papers filed with the Clerk of the Court on 6/27/11, 6/29/11, 7/1/11, 7/5/11, and 7/7/11. [TWT-2 Docket #57.]

11.     On July 12, 2011, Judge Thomas W. Thrash entered an order that denied William M. Windsor the right to present evidence, call witnesses, or testify at the hearing on the injunction against filing to be held July 15, 2011.  [TWT-2 Docket 58.]

12.     On July 14, 2011, William M. Windsor filed a NOTICE OF APPEAL. [TWT-2 Docket #62.]

13.     A "hearing" on the MOTION FOR PROTECTIVE ORDER was held on July 15, 2011.  William M. Windsor was denied the right to testify.  He had

already been denied the right to bring his evidence to present at the hearing. There was no testimony at the hearing.

14.     At the "Hearing," William M. Windsor objected that there was no evidence before the court. He objected that Judge Thomas W. Thrash did not have jurisdiction, had not ruled on the Notice of Removal, and had denied the filing of his Motion for Remand; he also objected that the case was appealed and jurisdiction was in the court of appeals. He objected due to fraud on the court, unlawful acts by Judge Thomas W. Thrash, and false statements in orders. William M. Windsor objected due to violations of due process, and he made dozens of significant objections.

15.     There was no basis for issuing a permanent injunction order because the only evidence and the only facts before Judge Thomas W. Thrash were from William M. Windsor. There wasn't a single affidavit or word of testimony from the Defendants.

16.     Judge Thomas W. Thrash failed to rule on any objection that William M. Windsor made during the hearing. Judge Thomas W. Thrash ignored this judicial requirement.

17.     When William M. Windsor was allowed to make a short presentation during the hearing, the first thing he asked was whether an order had already been

written deciding the outcome of the hearing. The second the U.S. Attorney finished a short discussion with the judge regarding jurisdiction due to William M. Windsor's appeal, Judge Thomas W. Thrash turned slightly to his left, raised a piece of paper, and read the order that he had drafted before he ever heard a single word from William M. Windsor.

18.    The Order of July 15, 2011 failed to set forth any valid reasons (as there are none). It is extremely broad. It is unintelligible. It places financial restrictions on William M. Windsor that he cannot meet, so it serves to deny the right to ever sue a judge or judicial personnel. Judge Thomas W. Thrash did what he did for one and only one reason – to inflict his outrageous bias on William M. Windsor.

## POINT #1: JUDGE THRASH EXCEEDED HIS AUTHORITY BY ISSUING THE ORDER OF JULY 15, 2011

19.    The limited authority of a United States District Court is set forth in Article III of the United States Constitution.

20.    Judge Thrash exceeded his authority by issuing an order that is in contravention of Article III of the United States Constitution.

21.    The filing injunction against Windsor is unconstitutional.

22.    In addition, Judge Thrash is effectively using the federal courts to issue an advisory opinion, which is absolutely prohibited.

## POINT #2:  THE ALLEGED FEDERAL COURT ORDER IS VOID.

23.     William M. Windsor's appeal is exempt from any alleged federal court order because the alleged federal court order is void.

24.     William M. Windsor discovered from 1996 to the present that federal judges in Georgia are corrupt. This was the catalyst that led to his filming a documentary. William M. Windsor has absolutely undeniable evidence of significant corruption.

25.     The federal judges in Georgia wanted to stop William M. Windsor from exposing them any further than he already had, so they took a host of actions against him. Upon information and belief, it was the federal judges who arranged for Fulton County Sheriff's deputies to deny William M. Windsor access to the courthouse to resume day two of his testimony before the Fulton County Grand Jury where he was testifying about a variety of crimes by six federal judges and the Fulton County District Attorney. One of those judges, Judge Thomas W. Thrash, then began doing everything he could to deny him access to the courts.

26.     An alleged order was issued by Judge Thomas W. Thrash in the federal court in Atlanta, Georgia. That order purports to restrict William M. Windsor from filing civil actions. The order does not cover criminal matters, applications for protection, countersuits, or appeals. William M. Windsor has on multiple occasions addressed each of these issues with Judge Thomas W. Thrash,

6

advising that he is pursuing criminal matters, applications for protection, countersuits, and appeals. He did not express any problem with these types of actions.

27.     Void orders have no effect. In the case of the alleged order from Judge Thomas W. Thrash, the void order was issued by a judge who did not have jurisdiction. The order is not signed, and it was not stamped and signed by the clerk of the court as required by federal law. Exhibit 3 is a true and correct copy of the alleged order in the USDCNDGA.

28.     The case in which the alleged order was issued was illegally removed from the Fulton County Georgia court to the federal court, so the federal court never obtained proper jurisdiction and failed to rule on William M. Windsor's motions in that regard. The case was on appeal, so the judge had lost all jurisdiction on matters such as this. Judge Thomas W. Thrash was a defendant in actions filed by William M. Windsor, and he had no authority to serve as judge when William M. Windsor filed a proper motion to have a judge from another district assigned the case. It is well-established that a judge may not rule on civil actions that involve him. William M. Windsor was denied the right to answer the motion for filing restrictions filed by the U.S. Attorney; was denied the right to submit documents into evidence in response to the motion for filing restrictions;

was denied the ability to testify at the hearing on the motion for filing restrictions. And there was absolutely no testimony at the short hearing or by affidavit from any of the Defendants in the civil action that William M. Windsor had filed. William M. Windsor asked Judge Thomas W. Thrash at the start of the short hearing whether he had already written an order deciding the motion before hearing a word from him. Judge Thomas W. Thrash got red-faced and refused to answer. At the conclusion of the short hearing, he turned to his left and read the order that he had already written. In anticipation, William M. Windsor and several of his courtroom observers went straight to the Clerk's Office where he filed an appeal. It was date stamped, and there are witnesses as to the time in addition to William M. Windsor. The Clerk of the USDCNDGA then falsified the docket by failing to show the appeal filed until after the court order appeared for filing several hours later. And last but not least, the United States Court of Appeals for the Eleventh Circuit outrageously did not allow William M. Windsor to file his appeal brief. William M. Windsor had sued federal judges in Georgia for documented corruption. Those judges were intent on doing whatever it took to stop him.

29.    Judge Thomas W. Thrash's orders were, and are, **void**. The U.S. Supreme Court has stated that if a court is

> "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior

to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." (*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)

30.     Judge Thomas W. Thrash demonstrated the most overt bias imaginable. He has made absolutely false statements in his orders and has announced that he has reached a decision in the case without having any facts before him except William M. Windsor's.

31.     Failure to follow the mandatory requirements of the law is a further evidence of the appearance of partiality of Judge Thomas W. Thrash. This required recusal. "Disqualification is required if an objective observer would entertain reasonable questions about the judges impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified."

>    (*Liteky v. U.S.*, 114 S.Ct. 1147 (1994).) *Rankin v. Howard* (1980) 633 F.2d 844, cert den. *Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.)

32.     The Fifth Amendment provides: "No person shall be…deprived of life, liberty, or property, without due process of law…." The Texas Constitution has a similar provision.

33.     The orders issued by Judge Thomas W. Thrash are invalid. Orders have not been signed, issued under seal, or signed by the Clerk of the Court in

violation of 28 U.S.C. 1691. The word "process" at 28 U.S.C. 1691 means a court order.

> See *Middleton Paper Co. v. Rock River Paper Co.*, 19 F. 252 (C.C. W.D. Wisconsin 1884); *Taylor v. U.S.*, 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy*, 82 F. 893 (DCUS Delaware 1897); *Leas & McVitty v. Merriman*, 132 F. 510 (C.C. W.D. Virginia 1904); *U.S. v. Sharrock*, 276 F. 30 (DCUS Montana 1921); *In re Simon*, 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe Mfg. Co. v. Tryon*, 400 F.2d 598 (9th Cir. 1968); and *Miles v. Gussin*, 104 B.R. 553 (Bankruptcy D.C. 1989).

34.     The case was on appeal, and Judge Thomas W. Thrash had no jurisdiction to act at all. William M. Windsor has many orders from the Eleventh Circuit that provide that the civil action had been stayed and hundreds from federal courts everywhere. See *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) and hundreds of others.

35.     William M. Windsor contends that the alleged order issued by Judge Thomas W. Thrash is absolutely void. As a result, William M. Windsor was under no obligation to do anything in regard to the alleged order.

## POINT #3:  AN ILLEGAL INJUNCTION WAS ISSUED AGAINST WILLIAM M. WINDSOR AS JUDGE THOMAS W. THRASH DID NOT HAVE JURISDICTION.

36.     William M. Windsor's appeal is exempt from any alleged federal court order because there is no valid federal court injunction. Georgia federal case law provides that a judge is powerless if he fails to determine if he has jurisdiction.

Judge Thomas W. Thrash failed to consider or rule on jurisdiction.

> (*Adams v. State*, No. 1:07-cv-2924-WSD-CCH (N.D.Ga. 03/05/2008).)
> (*See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); see
> also *University of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th
> Cir. 1999); *Jean Dean v. Wells Fargo Home Mortgage*, No. 2:10-cv-564-
> FtM-29SPC (M.D.Fla. 04/21/2011); *Taylor v. Appleton*, 30 F.3d 1365, 1366
> (11th Cir. 1994).)

37.    The 11th Circuit provided a detailed analysis and citations of many

cases in *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405

(11th Cir. 02/22/1999) that supports precisely why Judge Thomas W. Thrash did

not have jurisdiction.

> "It is by now axiomatic that the inferior **federal courts are courts of
> limited jurisdiction**. ... A necessary corollary to the concept that **a federal
> court is powerless to act without jurisdiction is the equally
> unremarkable principle that a court should inquire into whether it has
> subject matter jurisdiction at the earliest possible stage in the
> proceedings**. ... Therefore, **when an action is removed from state court,
> the district court first must determine whether it has original
> jurisdiction over the plaintiff's claims**. See *Cabalceta v. Standard Fruit
> Co.*, 883 F.2d 1553, 1556-57 (11th Cir.1989). ... **a federal court must
> remand for lack of subject matter jurisdiction notwithstanding the
> presence of other motions pending before the court**." [**emphasis added**]

> (See also *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375, 57 L.
> Ed. 2d 274, 98 S. Ct. 2396 (1978); *Kansas City Southern Ry. Co. v. Great
> Lakes Carbon Corp.*, 624 F.2d 822, 825 (CA8)(1980) (citing *Stoll v.
> Gottlieb*, 305 U.S. 165, 171, 83 L. Ed. 104, 59 S. Ct. 134 (1938)), cert.
> denied 449 U.S. 955, 101 S. Ct. 363, 66 L. Ed. 2d 220 (1980).)

38. Judge Thomas W. Thrash did not have jurisdiction. An appellate court would have so ruled, but William M. Windsor's appeals were never considered by the 11th Circuit.

## POINT #4: WILLIAM M. WINDSOR WAS DENIED THE RIGHT TO BE HEARD BY JUDGE THOMAS W. THRASH.

39. William M. Windsor's appeal is exempt from any alleged federal court order because there is no valid injunction because Judge Thomas W. Thrash denied his opportunity to be heard, blocked the docketing and consideration of his Motion for Remand, and denied him the opportunity to testify or present evidence in response to a motion for a filing injunction.

40. Judge Thomas W. Thrash denied procedural due process.

"Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest." *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995).

(See also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 313 (1950)); *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U. S. 602, 617 (1993) quoting *Ward v. Monroeville*, 409 U. S. 57, 61-62 (1972).) (See also *Fuentes v. Shevin*, 407 U. S. 67, 80 (1972) (quoting *Baldwin v. Hale*, 1 Wall. 223, 233 (1864); *Armstrong v. Manzo*, 380 U. S. 545, 552 (1965) (other citations omitted); *Hamdi v. Rumsfeld*, 124 S.Ct. 2633, 542 U.S. 507, 159 L.Ed.2d 578 (U.S. 06/28/2004); *Ozie Powell v. Alabama Haywood Patterson v. Same Charley Weems and Clarence Norris v. Same*, 53 S. Ct. 55, 287 U.S. 45 (U.S. 11/07/1932); See *Anderson National Bank v. Luckett*, 321 U.S. 233, 246; *Hagar v. Reclamation District*,111 U.S. 701, 708; *Davidson v. New Orleans*, 96 U.S. 97, 107; *Fong Yue Ting v. United*

*States. Wong Quan v. United States. Lee Joe v. United States*, 13 S. Ct. 1016, 149 U.S. 698 (U.S. 05/15/1893); *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914); *In re Oliver*, 333 U.S. 257, 273 (1948). See, e. g., *Joint Anti-Fascist Committee v. Mc*Grath, 341 U.S., at 143, 164-165, 171-172, 178, 185 (concurring opinions of Black, Frankfurter, Douglas, and Jackson, JJ.); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969); *Morgan v. United States*, 304 U.S. 1, 18 (1938); *Kleiner v. First National Bank*, 751 F.2d 1193 (11th Cir. 01/31/1985); *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971); *Mathews*, 424 U.S. at 348, 96 S. Ct. at 909); *United States v. Frazier*, No. 01-14680 (11th Cir. 10/15/2004); *United States v. Owen*, 415 F.2d 383 (8 Cir. 1969); *Chernekoff v. United States*, (9 Cir. 1955) 219 F.2d 721; *United States v. Cummins*, 425 F.2d 646, 649, (8 Cir. 1970); *Gonzales v. United States*, 348 U.S. 407, 75 S. Ct. 409, 99 L. Ed. 467 (1955); *Holden v. Hardy*, 169 U.S. 366, 389-90, 18 S.Ct. 383, 387 (1898); *Powell v. Alabama*, 287 U.S. 45, 68, 53 S.Ct. 55, 64 (1932) (citation omitted); *United States v. Frazier*, No. 01-14680 (11th Cir. 10/15/2004); *In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507-08 (1948); *Hovey v. Elliott*, 167 U.S. 409, 418, 17 S.Ct. 841, 845 (1897) (citation and internal quotation marks omitted); *Snyder v. Massachusetts*, 291 U.S. 97, 116, 54 S.Ct. 330, 336 (1934); *Windsor v. McVeigh*, 93 U.S. 274, 277, 278, 23 L. Ed. 914; *In re Noell*, 93 F.2d 5 (8th Cir. 11/21/1937); *Reynolds v. Cochran*, 365 U.S. 525, 81 S. Ct. 723, 5 L. Ed. 2d 754; *Council of Federated Organizations v. Mize*, 339 F.2d 898 (5th Cir. 12/22/1964).)

41.     The right to present evidence is as American as apple pie.  It is a right afforded by the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States. (See *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923, 18 L. Ed. 2d 1019 (1967); *Fendler v. Goldsmith*, 728 F.2d 1181 (9th Cir. 10/14/1983).)  The right to present evidence is fundamental to a fair hearing. (*Wolff v. McDonnell*, 94 S. Ct. 2963, 418 U.S. 539 (U.S. 06/26/1974).)

William M. Windsor was denied this fundamental right.

42.     Judge Thomas W. Thrash improperly foreclosed William M.

Windsor's access to the courts.  Judge Thomas W. Thrash issued an injunction

without giving William M. Windsor the opportunity to be heard.  Procedural due

process requires notice and an opportunity to be heard before any governmental

deprivation of a property or liberty interest.

> "...pre-filing orders are an extreme remedy that should rarely be used. *De Long*, 912 F.2d at 1147. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United Stat*es, 906 F.2d 467, 470 (9th Cir. 1990); see also *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982); 5A *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1336.3, at 698 (3d ed. 2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." (*Molski v. Evergreen Dynasty Corp.*, No. 05-56452 (9th Cir. 08/31/2007).)

> Meaningful access to the courts is a constitutional right. (*Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc).) (*Christopher v. Harbury*, 536 U.S. 403, 415 & n.12, 122 S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002).)

43.     Judge Thomas W. Thrash has closed William M. Windsor's access to

the courts.

> "**He just cannot be completely foreclosed from any access to the court**." Id. at 1074. (*United States v. Powerstein*, 185 Fed.Appx. 811 (11th Cir. 06/19/2006).) (**emphasis added**.)

> (See also *Procup v. Strickland*, 792 F.2d 1069 at 1074 (11th Cir. 1986). (See *Shell v. U.S. Dep't of Housing and Urban Development*, No. 09-12811 (11th Cir. 12/02/2009); *Copeland v. Green*, 949 F.2d 390, 391 (11th

Cir. 1991) (per curiam); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984); *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Washington v. Alaimo*, 934 F. Supp. 1395 (S.D. Ga. 1986); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (citation omitted); *Ajuluchuku v. Southern New England School of Law*, 1:05-MI-0251,and others, (N.D.Ga. 10/13/2005); *United States v. Flint*, 178 Fed.Appx. 964 (11th Cir. 05/01/2006); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Rushing v. Kent County Facility*, No. 1:07-cv-580 (W.D.Mich. 07/31/2007); *Moore v. Hillman*, No. 4:06-cv-43 (W.D.Mich. 05/11/2006); *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (emphasis added). (*Klay v. United Healthgroup, Inc.*, No. 02-1664) (11th Cir. 06/30/2004); *In re Green*, 598 F.2d 1126, 1127 (8th Cir. 1979); *Stone v. South Central Regional Jail*, No. 04-6399 (4th Cir. 08/09/2004); *Armstrong v. Koury Corp.*, 211 F.3d 1264 (4th Cir. 04/10/2000); *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984); *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 at 518 (11th Cir. 1991).)

44.     If Judge Thomas W. Thrash had obtained jurisdiction and had allowed

William M. Windsor the opportunity to be heard, the actions of Judge Thomas W.

Thrash were still improper and totally illegal as he enjoined William M. Windsor

from filing any new lawsuit.

> The Sixth Circuit also rejected an injunctive order prohibiting a vexatious plaintiff from "filing any civil lawsuit . . . based upon or arising out of the underlying suit. *Ortman v. Thomas*, 99 F.3d 807, 810-11 (6th Cir. 1996) (quoting *Ortman v. Thomas*, 906 F. Supp. 416, 424 (E.D. Mich. 1995)). "[t]he absolute bar to further litigation . . . is too broad." Id. at 811. More recently, the Fourth Circuit vacated an injunction prohibiting a plaintiff from filing any papers without leave of court. See *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818-19 (4th Cir. 2004). ...it held that an injunction prohibiting the plaintiff from making "any and all filings" was overbroad. Id. at 819. (See *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 08/29/2008); *United*

*States v. Flint*, 178 Fed. Appx. 964 (11th Cir. 2006) (per curiam); *Hubbard v. Azzara*, No. 8:01-cv-1154-T-24 EAJ (M.D.Fla. 09/12/2008).)

45.    There was no SHOW CAUSE issued to William M. Windsor as

required by Eleventh Circuit law. William M. Windsor had no notice because

Judge Thomas W. Thrash didn't want to allow William M. Windsor to put

anything in writing.

> (See *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Torres v. McCoun*, No. 8:08-cv-1605-T-33MSS (M.D.Fla. 09/10/2008); *Western Water Management, Inc. v. Brown*, 40 F.3d 105, 109 (5th Cir. 1994).)

46.    William M. Windsor is not an abusive litigant. William M. Windsor

is an aggrieved party. William M. Windsor has never filed anything frivolous or

baseless.

> …drastic remedies such as this "are to be used only in extreme situations as the court has a wide range of lesser sanctions that will not deprive the litigant of his or her day in court." (*Donaldson*, 819 F.2d at 1557 n.6.) (*Riccard*, 307 F.3d at 1295; *Rubenstein v. Bauman*, No. 1:07-cv-798-MHT (M.D.Ala. 05/15/2008).)

> …litigiousness alone will not support an injunction against a plaintiff, *Kane v. City of New York*,468 F. Supp. 586, 590 (S.D.N.Y.), aff'd without op., 614 F.2d 1288 (2d Cir. 1979), and that the use of such measures against a pro se plaintiff should be approached with particular caution, *Hill v. Estelle*, 423 F. Supp. 690, 695 (S.D.Tex.1976). We expect that injunctions against litigants will remain very much the exception to the general rule of free access to the courts. (*Pavilonis v. King*, 626 F.2d 1075 (1st Cir.), cert. denied, 449 U.S. 829, 66 L. Ed. 2d 34, 101 S. Ct. 96 (1980).) (See *Ex parte Tyler*, 70 F.R.D. 456, 457 (E.D.Mo. 1975).)

47.    Injunctions affecting access to the courts must be used only sparingly.

… denial of access to the Court is a serious matter and injunctions against such access must be issued only sparingly. See *Raffe v. John Doe*, 619 F. Supp. 891, 898 (S.D.N.Y. 1985); *Kane v. City of New York*, 468 F. Supp. at 590.  See also *In the matter of Hartford Textile Corp.*, 681 F.2d 895, 896-97 (2d Cir. 1982); *Sassower v. Sansverie*, 885 F.2d 9, 10-11 (2d Cir. 1989) (per curiam); *Carlin v. Gold Hawk Joint Venture*, 778 F.Supp. 686 (S.D.N.Y. 11/14/1991).)

48.     Requests for Consent to file motions were not docketed in William M. Windsor's actions in the USDCNDGA, and he was denied the right to appeal as there was no record.  This was one of the ways that Judge Thomas W. Thrash and other federal judges in Georgia denied William M. Windsor's rights.  Requests for Consent are just another form of document that the Clerk must docket because these are filed upon delivery to the Office of the Clerk.

> **it is settled law that delivery of a pleading to a proper official is sufficient to constitute filing thereof**. (*United States v. Lombardo*, 241 U.S. 73, 36 S. Ct. 508, 60 L. Ed. 897 (1916); *Milton v. United States*, 105 F.2d 253, 255 (5th Cir. 1939). In *Greeson v. Sherman*, 265 F. Supp. 340 (D.C.Va.1967); *FREEMAN v. GIACOMO COSTA FU ANDREA*, 282 F. Supp. 525 (E.D.Pa. 04/5/1968).)
>
> FRCP Rule 5(d)(2): "**A paper is filed by delivering it: (A) to the clerk**…." FRCP Rule 77 (a) "When Court Is Open. Every district court is considered always open for filing any paper, issuing and returning process, making a motion, or entering an order." [**emphasis added**.]
>
> "The duty of the clerk is to make his record correctly represent the proceedings in the case…." (*Wetmore v. Karrick*, 27 S. Ct. 434, 205 U.S. 141 (U.S. 03/11/1907).)  **Failing to file documents presented and reflect the documents on the docket is a failure to perform the ministerial duties of the Clerk of the Court**. [**emphasis added**.]  (See also *Sanders v. Department of Corrections*, 815 F. Supp. 1148, H49(N.D. Ill. 1993);

*Williams v. Pucinski*, 01C5588 (N.D.Ill. 01/13/2004); *In re Halladjian*, 174 F. 834 (C.C.Mass.1909); *United States, to Use of Kinney v. Bell*, 127 F. 1002 (C.C.E.D.Pa. 1904); *State ex rel. Kaufman v. Sutton*, 231 So.2d 874 (Fla.App.1970); *Malinou v. McElroy*, 99 R.I. 277, 207 A.2d 44 (1965); *State ex rel. Wanamaker v. Miller*, 164 Ohio St. 176, 177, 128 N.E.2d 110 (1955.); (*Daniel K. Mayers Et Al., v. Peter S. Ridley Et Al.* No. 71-1418 (06/30/72, U.S. Court of Appeals for the DC Circuit); *Snyder v. Nolen*, 380 F.3d 279 (7th Circuit, 08/13/2004); *Ray v. United States*, 57 S. Ct. 700, 301 U.S. 158 (U.S. 04/26/1937); *Milton v. United States.*, 105 F.2d 253 (5th Cir. 07/06/1939).) *United States v. Lombardo*, 1916, 241 U.S. 73, 36 S. Ct. 508, 60 L. Ed. 897; *Palcar Real Estate Co. v. Commissioner of Internal Revenue*, 8 Cir., 1942, 131 F.2d 210; *Schultz v. United States*, Ct.Cl.1955, 132 F.Supp. 953, 955; *McCord v. Commissioner of Internal Revenue*, 1941, 74 App.D.C. 369, 123 F.2d 164, 165; *Central Paper Co. v. Comm. of Internal Revenue*, 6 Cir., 1952, 199 F.2d 902, 904; *Johansson v. Towson*, 177 F. Supp. 729 (M.D.Ga. 02/17/1959); *Poynor v. Commissioner*, 5th Cir. 1936, 81 F.2d 521.

49.    The Texas Tenth Court of Appeals must not unfairly use the improper, unconstitutional, void order of Judge Thomas W. Thrash in an effort to deny William M. Windsor's legal and Constitutional rights.

## POINT#5: THE UNITED STATES DISTRICT COURT FOR SOUTH DAKOTA DOES NOT HAVE PERSONAL JURISDICTION OVER WILLIAM M. WINDSOR.

50.    William M. Windsor's appeal is exempt from any alleged federal court order because the U.S. District Court for South Dakota has no personal jurisdiction over him.  He is not a party to a case in the federal court, and a judge may not force him to be subject to personal jurisdiction of the court.

51.    In *Marathon Oil Co. v. Ruhrgas*, No. 96-20361 (5th Cir. 06/22/1998),

the Fifth Circuit explains the importance of both subject matter and personal

jurisdiction. *Marathon Oil Co. v. Ruhrgas* and cases cited therein provide case

law to support this.

**52.** And the U.S. Supreme Court says (dating back to 1874) that "the

validity of an order of a federal court depends upon that court's having jurisdiction

over both the subject matter and the parties."

> (*Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938); *Thompson v. Whitman*, 18
> Wall. 457, 465 (1874); *Insurance Corp. of Ireland*, 456 U.S. 694 at 701,
> 102 S. Ct. 2099, 72 L. Ed. 2d 492(U.S. 06/01/1982).)

## POINT #6: THERE IS NO CASE OR CONTROVERSY IN THIS COURT

53. There is no case or controversy in this court

54. **Article III: Clause 1 of Section 2** authorizes the federal courts to

hear actual cases and controversies only. Their judicial power does not extend to

cases which are hypothetical, or which are proscribed due to standing, mootness,

or ripeness issues. Generally, a case or controversy requires the presence of

adverse parties who have some interest genuinely at stake in the case. In *Muskrat

v. United States*, 219 U.S. 346 (1911), the Supreme Court denied jurisdiction to

cases brought under a statute permitting certain Native Americans to bring suit

against the United States to determine the constitutionality of a law allocating

tribal lands. Counsel for both sides were to be paid from the federal Treasury. The

Supreme Court held that, though the United States was a defendant, the case in question was not an actual controversy; rather, the statute was merely devised to test the constitutionality of a certain type of legislation. Thus the Court's ruling would be nothing more than an advisory opinion; therefore, the court dismissed the suit for failing to present a "case or controversy.

## POINT #7: THIS COURT LACKS SUBJECT MATTER JURISDICTION

55.    This Court does not have subject matter jurisdiction.

Federal court may not, via doctrine of "hypothetical jurisdiction," decide cause of action before resolving whether court has Article III jurisdiction; doing so would carry courts beyond bounds of authorized judicial action and thus offend fundamental principles of separation of powers, and would produce nothing more than hypothetical judgment, which would come to same thing as advisory opinion, disapproved by Supreme Court from the beginning; abrogating *SEC v. American Capital Investments, Inc.,* 98 F.3d 1133; *Smith v. Avino,* 91 F.3d 105; *Clow v. Dept. of Housing and Urban Development,* 948 F.2d 614; *Cross–Sound Ferry Services, Inc. v. ICC,* 934 F.2d 327; *United States v. Parcel of Land,* 928 F.2d 1; *Browning–Ferris Industries v. Muszynski,* 899 F.2d 151. U.S.C.A. Const. Art. 3, § 2, cl. 1. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)

"Without jurisdiction, a court cannot proceed at all in any cause, as jurisdiction is power to declare the law; when jurisdiction ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United

States' and is 'inflexible and without exception.' " *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920).
 To affirm order or judgment not within judicial power of United States, would be as serious a usurpation as issuing such order in first instance. *Page v. Schweiker*, 786 F.2d 150, 159-60 (3d Cir.1986)

"Voidness is defined in terms of lack of jurisdiction or violation of due process." *United Student Aid Funds, Inc. v. Espinosa*, 559 U. S. 130 S. Ct. 1367, 176L. Ed. 2d 158, 170 (2010) (citing *Moore's*).

56.    Even the failure to recognize this limitation and issue an order is

something of an abuse of power.  No court should hold any motion for relief when

it knows it does not have the power to authorize that relief.

**57.**    In *Marathon Oil Co. v. Ruhrgas*, No. 96-20361 (5th Cir. 06/22/1998),

the Fifth Circuit explains the importance of both subject matter and personal

jurisdiction. *Marathon Oil Co. v. Ruhrgas* and cases cited therein provide case

law to support this.

**58.**    And the U.S. Supreme Court says (dating back to 1874) that "the

validity of an order of a federal court depends upon that court's having jurisdiction

over both the subject matter and the parties."

(*Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938); *Thompson v. Whitman*, 18 Wall. 457, 465 (1874); *Insurance Corp. of Ireland*, 456 U.S. 694 at 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492(U.S. 06/01/1982).)

Federal courts are courts of limited jurisdiction, whose constitutional or congressional limitations must be neither disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978). Absence of subject matter jurisdiction may render a judgment void where a court wrongfully extends its jurisdiction beyond the scope of its authority. *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (CA8)(1980) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171, 83 L. Ed. 104, 59 S. Ct. 134 (1938)), cert. denied 449 U.S. 955, 101 S. Ct. 363, 66 L. Ed. 2d 220 (1980).

WHEREFORE, Windsor respectfully requests an order that:

a. the United States District Court for South Dakota does not have jurisdiction to enable the Court to consider granting Windsor leave to file a lawsuit in South Dakota;

b. or in the alternative, that Windsor is granted leave to file the proposed lawsuit; and

c. this Court grant such other and further relief as is appropriate.

Submitted this 28th day of June 2015,

**William M. Windsor**
110 East Center Street #1213 * Madison, SD 57042 * bill@billwindsor.com * 770-578-1094

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document is proportionately spaced, using

Times Roman typeface, 14 point.


Submitted this 28th day of July, 2014,

_____

**William M. Windsor**
110 East Center Street #1213 * Madison, SD 57042 * bill@billwindsor.com *
770-578-1094