FILED

OCT 16 2015

[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM M WINDSOR, | CIV 15-MC-00098 |
| Plaintiff, | |
| v. | ORDER |
| GINGER SNAP, et al., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Before the Court is Pro Se Plaintiff William M. Windsor's Complaint seeking temporary restraining order, preliminary injunction, and permanent injunction against Defendants Ginger Snap, et al. Doc. 1-2. Based on the Defendants named in the petition and the allegations contained therein, the Court finds the action to be frivolous. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit[] [or] obviously frivolous[.]") (internal citations and quotations omitted). *See Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996) (affirming district court's *sua sponte* dismissal of "fee-paid, nonprisoner-filed complaint" under Fed.R.Civ.P. 12(b)(6)); *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)) ("'[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right to the courts to prosecute an action that is frivolous or malicious.'") (alteration in original).

In any event, pursuant to an Order from United States District Court, Northern District of Georgia, Windsor is permanently enjoined from filing any complaint in any federal court without first obtaining leave from the federal district court wherein the complaint is to be filed. Pursuant to that Order, Windsor filed a request for leave from this Court on July 1, 2015. Doc. 1. Finding that the underlying Complaint is frivolous, however, the request for leave is denied. *See In re Martin-Trigona*,

737 F.2d 1254, 1262 (2nd Cir. 1984) (upholding a court order restricting plaintiff's access to all federal courts. "We need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith."); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from *any* access to the court. This Court has upheld pre-filing screening restrictions on litigious plaintiffs.") (internal citation omitted) (emphasis in original). *See also In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981)) ("'The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.'"). Accordingly,

IT IS ORDERED:

(1) That Plaintiff's request for leave to file the Complaint, Doc. 1, is denied.

(2) That Plaintiff's Complaint seeking temporary restraining order and injunctive relief is denied as moot.

(3) That Plaintiff's Motion for Clarification of Filing Method, Doc. 4, is denied as moot.

Dated this 16th day of October, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)          DEPUTY

2